11 CV 5332

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Dahi Shadli and Rawia Shadli
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

No. 1   Jeffrey S. Ween & Associates
No. 2   Michael P. Kozek
No. 3   8835 23rd Av. Tenants Corp.
_____
_____
_____
_____
_____
_____

**COMPLAINT**

Jury Trial:  ☒ Yes   ☐ No
(check one)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

RECEIVED
JUL 29 2011
PRO SE OFFICE

I.   **Parties in this complaint:**

A.   List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name            Dahi Shadli and Rawia Shadli
            Street Address  8835 23rd Av. #E8
            County, City    Brooklyn, NYC
            State & Zip Code NY 11214
            Telephone Number (718)373-9286

B.   List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Rev. 05/2010

Defendant No. 1    Name     Jeffrey S. Ween & Associates
                   Street Address    150 Broadway, Suit 1920
                   County, City     New York, NY
                   State & Zip Code New York 10038
                   Telephone Number (212)964-1822

Defendant No. 2    Name     Michael P. Kozek
                   Street Address    150 Broadway, Suit 1920
                   County, City     New York, NY
                   State & Zip Code New York 10038
                   Telephone Number (212)964-1822

Defendant No. 3    Name     8835 23rd Av. Tenants Corp.
                   Street Address    1274 49th St #356
                   County, City     Brooklyn, NYC
                   State & Zip Code New York 11219
                   Telephone Number (917)696-5056

Defendant No. 4    Name     _____
                   Street Address    _____
                   County, City     _____
                   State & Zip Code _____
                   Telephone Number _____

II.   **Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*

     ☒ Federal Questions         ☐ Diversity of Citizenship

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue?  Breach of Contract and violation of New York Code of

     Professional Responsibility (Local Civil Rule 1.4 of this Court.)

C.   If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

     Plaintiff(s) state(s) of citizenship _____
     Defendant(s) state(s) of citizenship _____

*Rev. 05/2010*

III. **Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? Supreme Court-State of New York, County Clerk

B. What date and approximate time did the events giving rise to your claim(s) occur?

Date: July 27, 2011          Time: 14:41:38

C. Facts: Plaintiffs, Dahi Shadli and Rawia Shadli, filed the case, Index No. 400316/11, at Supreme Court of the State of NY, County of NY, regarding the landlord's breach of contract. Because I, Dahi Shadli, was receiving treatment for prostate cancer, I contacted Mr Michael Kozek, Esq. to represent us before the court. On June 13 and 14, I met with Mr Michael Kozek and Mr Jeffrey Ween, Esq. who confirmed that discovery will be requested and reliefs will be resolved and will not make any agreement with the landlord to withdraw from my case. I paid the fees requested. On July 27, 2011, the "Minutes" of Supreme Court of NY, County Clerk Office show that the landlord became self-represnted and plaintiffs also became self-represented and was no supporting papers by plaintiffs' lawyers. The plaintiffs case is dismissed. The withdrawal of Mr Michael Kozek and Mr Jeffrey Ween from the case without the plaintiffs' consent and leave of the court violated the Local Civil Rule 1.4 of this court. Jury Trial is required, Please. For details, see the attached facts.

(sidebar notes: What happened to you? / Who did what? / Was anyone else involved? / Who else saw what happened?)

IV. **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

## V. Relief:

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. <u>Dahi Shadli, and Rawia Shadli, Plaintiffs, Proceeding Pro Se., demand to send them their case and pay $75,821.50 to refund the plaintiffs' case fees, compensate the plaintiffs' reliefs for breach of contract, pay for the landlord's non-payment because of plaintiffs' lawyers withdrawal without plaintiffs' consent or leave of the court, compensate the plaintiffs for intentional inflection of emotional distress, discipline plaintiffs' counsels according to the Local Civil Rule 1.5 of this court and issue a restraining order to stop the landlord from an immediate threat of danger and an immediate danger of such abuse to terminate the plaintiffs' lease because we filed a case at Federal Court against him and our illegal withdrawal counsels. For more information, see the attached reliefs.</u>

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 24 day of July, 2011.

Philip Bentivegna
Notary Public of New York
No. 24-4728427
Qual in Kings County Comm Exp

12/31/11

Signature of Plaintiffs _____ Rawia Shadli

Mailing Address  8835 23rd Av. #E8
                 Brooklyn, NY 11214

Telephone Number (718)373-9286

Fax Number *(if you have one)* _____

**Note:** All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

## For Prisoners:

I declare under penalty of perjury that on this ___ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _____

Inmate Number _____

*Rev. 05/2010*

## Facts

Plaintiffs Dahi Shadli and Rawia Shadlifiled filed a case at Supreme Court of the State of NY, County of NY, because of the landlord's breach of contract since 2009 which concerns the landlord's increase of rent without any improvement of any services, taken the plaintiffs' J-51 abatement benefits and Co-op abatement benefits from Financial Department of NYC without plaintiffs' consents, leak of water, bedbugs and roaches on plaintiffs' apartment, etc.

Because of my disability, Mr Michael Kozek Esq. and Mr Jeffrey Ween Esq. agreed on April 14, 2011, to represent me and defend the plaintiffs' case. Defendant Jeffrey Ween confirmed that he has the right to ask the court for discovery and never get any agreement with the landlord behind me and will resolve the amount of monetary compensation.

Plaintiffs have paid $250 for consultation on April 13, 2011, and other $250 to continue consultation on April 14, 2011. Plaintiffs also paid $2,500.00 as a retainer to be applied towards the performance of legal services and disbursement made in connection with those services.

On April 21, 2011, Mr Michael Kozek, Esq. sent a Notice of Appearance to the Supreme Court and landlord's attorney.

Defendants were aware that April 29, 2011, is the last day to provide the Supreme Court with their affirmation in opposition to the landlord's attorney's cross motion seeking dismissal of plaintiffs' action.

Plaintiffs did not receive any information since April 28, 2011 to date.

According to the Supreme Court, NY County Clerk's Office "Minutes" of July 27, 2011, defendants' Affidavit of Service stated that they sent to the landlord the plaintiffs' Order to Show Cause RJ1 and complaint..which the landlord's attorney already received

from the plaintiffs, Pro Se, on February 7, 2011, before the plaintiffs and defendants' Retainer Agreement signed to represent the plaintiffs on April 14, 2011.

The Minutes indicate that the landlord 8835 23rd Av. Tenants Corp. is a "Self-Represented" and new Notice of Appearance was on May 18, 2011, which plaintiffs never heard from defendants Jeffrey Ween and Michael Kozek. The "Minutes" also stated that the court issued its decision on June 13, 2011, at which the plaintiffs' complaint is dismissed with costs and disbursements to the landlord and all other reliefs requested by plaintiffs are denied. The order indicated that the plaintiffs are Pro Se (and not represented by defendants Michael Kozek and Jeffrey Ween) and also stated that "plaintiffs move by order to show cause for an order granting the monetary, declaratory and injunctive relief sought in their complaint."

Defendants withdrawing of the plaintiffs' record out of the office of the clerk of the court to prevent the plaintiffs' case from being trial.

The Local Civil Rule 1.4 of this court states that "Any attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. All applications to withdraw must be served upon the client and upon all other parties." Therefore, defendants should be disciplined according to the Civil Rule 1.5 of this court.

We believe that the United States District Court, Southern District of New York, should be set down for a preliminary conference to schedule discovery, along with such other and further relief the honorable Court deems just and proper.

Dated: July 28, 2011

                                                 *Dahi Shadli*   *Rawia Shadli*
                                             Dahi Shadli and Rawia Shadli
                                             Plaintiffs, Proceeding Pro Se,

## RELIEFS

Plaintiffs demand $75,821.50 as indicated below:

(1) PLAINTIFFS': COUNSELS WITHDRAWAL WITHOUT PLAINTIFFS' CONSENT

    a) Plaintiffs' illegal counsels should deliver to the plaintiffs all papers and property to which the plaintiffs are entitled. That show the defendants' legal prejudice to the right of plaintiffs as stated at DR2-110 (A) (1), (B) or (C).

    b) $250 for consultation on April 13, 2011, as attorney for plaintiffs and landlord's breach of contract. The $250 should be refunded to plaintiffs because withdrawal of attorney without permission from the court

    c) $250 for consultation on April 14, 2011, as attorney for plaintiffs and landlord's violations of emergency services. The $250 should be returned to plaintiffs because withdrawal of attorney without the court's permission or plaintiffs' consent.

    d) $2,500.00 for Retainer Fees that plaintiffs have paid to Jeffrey Ween & Associates on April 14, 2011, to be applied towards the performance of legal services and disbursements made in connection with those services. The retainer fees should be refunded to plaintiffs because withdrawal of attorney without any application to the Supreme Court of the State of NY, County of NY.

    e) $399 taken from plaintiffs to Mr Jeffrey Ween for no performance for any legal services and despite the plaintiffs' financial difficulty which should be refunded.

    f) $5,019.57 for plaintiffs' counsels false and fraudulent service.

(2) DISMISSAL OF PLAINTIFFS' CASE BECAUSE OF THEIR COUNSELS WITHDRAWAL WITHOUT LEAVE OF THE COURT

    a) $779.97 which the landlord took from the plaintiffs' annual CO-op tax abatement credit from NYC Finance Department on January 2010 without consent from plaintiffs. The landlord did not take any assessment of any amount for any reason to increase the rent of other apartments.

    b) $726.10 Landlord must not take $726.10 from plaintiffs on 2011 because landlord did not charge other apartments to pay more rent.

    c) $51.93 to increase the plaintiffs' apartment every month since April 2011. The landlord did not increase the rent of his 45 apartments. The increase of plaintiffs' apartment $51.93 should stop and the $51.93 taken every month since April 2011 should be refunded to plaintiffs.

    d) $20,000.00 landlord must refund the plaintiffs abatement benefit of J-51 Finance Department, taken without any consent from the plaintiffs.

    e) $10,000.00 to compensate plaintiffs for a furniture for four persons because of landlord's violations of bedbugs, roaches, etc. plaintiffs throw out their mattresses and furnitures.

    f) $5,000.00 because of Tenants' Corp. violations of bedbugs, roaches, mice, rats, etc. plaintiff's doctor examination on January 15, 2011, shows multiple bite marks in his body.

    g) $2,000.10 because of landlord's radiator problem and water leak above the plaintiffs' apartment and repair the water damage of the plaintiffs' ceilings in the bedroom, bathroom and floor tile on 2010.

(3) LANDLORD NOTICE OF NON-PAYMENT BECAUSE OF COUNSELS DISPLACEMENT

a)  $5,844.83 for rent since January 2011 to date.

b)  $3,000.00 cost and disbursement of non-payment case.

(4)  PLAINTIFFS INTENTIONAL INFLECTION OF EMOTIONAL DISTRESS

$20,000.00 the tort of intentionally or recklessly causing severe emotional distress through plaintiffs' counsels extreme or outrageous acts. The distress inflected is so severe that no reasonable man could be expected to endure it. The plaintiffs' counsels conduct is in itself important evidence that the distress has existed and should be compensated.

(5)  PLAINTIFFS' REQUEST FOR RESTRAINING ORDER

On July 14, 2011, the landlord sent us a Notice of objectionable conduct to terminate our proprietary lease because we filed the case of breach of contract against the landlord's Tenants Corp. which the two lawyers mentioned refused to represent us and withdrawn from our case without any application served upon the plaintiffs or the court.

Plaintiffs respectfully request for a restraining order because of the landlord false and fraudulent misrepresentation, repeated immediate threat of danger and immediate danger of such abuse of plaintiffs' children. Punishment intended to deter the landlord and plaintiffs' counsels from repeating a behavior or failing to remove a hazard that led to an injury. Punitive damage are awarded as a deterrent punishment.

Dated: July 28, 2011

Dahi Shadli and Rawia Shadli
Plaintiffs, Proceeding Pro Se,